TERRITORY OF OKLAHOMA, *on the relation of Ed. Overholser, Chas. Goeky, & L. Lynch, constituting the Board of County Commissioners of Oklahoma County, Oklahoma Territory* v. L. W. BAXTER, *as Auditor of the Territory of Oklahoma.*

(Filed October 6, 1905.)

1. **JAIL—Power to Erect—Bonds—Site.** The express power to erect a jail and issue bonds in payment therefor, includes the implied power to purchase a site on which to erect such jail, and to issue bonds in payment therefor.

2. **COURT HOUSE—Power to Erect—Bonds—Furnishings.** The power to erect a court house and issue bonds in payment therefor, includes the necessary and indispensable power to purchase fixtures and permanent furnishings for the completion of such court house to place the same in fit condition to be used for the transaction of public business, and to issue bonds in payment therefor.

(Syllabus by the Court.)

ORIGINAL PROCEEDINGS IN MANDAMUS.

*R. G. Hay, County Attorney, Oklahoma County,* for plaintiff in error.

*P. C. Simons, Attorney General,* for defendant in error.

STATEMENT OF FACTS.

This is an original proceeding in mandamus, to require the auditor of this Territory to register certain bonds issued by the board of county commissioners of Oklahoma county. The case is submitted to this court upon the following agreed statement of facts:

"It is mutually agreed by and between the parties above named that whereas a controversy has arisen as to the legality of the issue of certain bonds by the county of Oklahoma, and whereas a doubt exists as to whether such bonds should be registered by the defendant, it is mutually agreed by and between the plaintiff and defendant as an agreed case to be submitted to this court with the following facts in relation thereto:

"That on the 12th day of June, A. D., 1905 at a regular meeting of the board of county commissioners of Oklahoma county, Oklahoma Territory. the above named plaintiffs, constituting said board, there was presented to said board a petition requesting the said board to submit the following propositions to the voters of said county at a special election to be held for that purpose, said petition being signed by more than one-sixth of the tax payers and qualified electors of said Oklahoma county, Oklahoma Territory; that the question requested to be submitted by said petition was as follows:

"That an election be called for voting upon the proposition of issuing $30,000 of bonds of the county of Oklahoma, Oklahoma Territory, for the purchasing of a site in block No. 3 of Main Street addition to the city of Oklahoma City, and the erection of a county jail thereon, and also upon the proposition of issuing $10,000 of bonds of the county of Oklahoma, Oklahoma Territory, for the completing of the present court house now under construction by purchasing permanent furnishing and fixtures for the same. That by an order made on said day said propositions were ordered to be submitted to the electors of said county, at a special election to be held on the 1st day of August, 1905. That on the 1st day of August, 1905, said propositions were separately voted upon and the returns of said election were returned to the board of county commissioners, as required by law, and a canvas duly made thereof on the 4th day of August, 1905, at a meeting of the board for said purpose, and said propositions

were both carried and so declared by the board of county commissioners, and said bonds ordered to be issued as directed by said special election. That the ballots voted at said election contained the following propositions:

"First question. Shall the board of county commissioners of Oklahoma county, Oklahoma Territory be authorized to issue bonds of said county in the sum of $30,000 bearing interest not to exceed 4 1-2 per cent. per annum, proceeds from the sale of which are to be expended in the purchasing of a site in block No. 3 in Main Street addition to Oklahoma City and the erection of a county jail thereon.

"On proposition No. 2 the ballot was as follows:

"Second question. Shall the board of county commissioners of Oklahoma county, Territory of Oklahoma, be authorized to issue bonds of said county in the sum of $10,000 bearing interest not to exceed 4 1-2 per cent. per anum, the proceeds of the sale of which are to be expended in the furnishing of the present court house by purchasing of permanent furnishings and fixtures therefor?

"That afterwards the board of county commissioners of Oklahoma county, Territory of Oklahoma, adopted a form of bond as required by section 5, of chapter 12, of the Laws of 1897, Territory of Oklahoma, said bonds being issued under the provisions of said chapter 12, Laws of 1897. That all of the conditions and terms of said act were duly complied with before said election and before calling the same, and that said bonds were in no wise in excess of the amount of bonds allowed to be issued by said county under any of the laws of the Territory of Oklahoma, or of the United States."

Opinion of the court by

HAINER, J.: Upon the agreed statement of facts two questions are submitted to the court for determination. They are: (1). Whether bonds can be issued under the provision

of chapter 12 of the statutes of 1897, for purchasing a site for the erection of a jail; and (2), whether such bonds can be issued under the provisions of said act, and the proceeds expended for  the purpose of  purchasing  permanent furnishings and fixtures for the completion of the court house, and placing the same in condition to be used for the transaction of the business of said county.

Section 1 of article 1 of chapter 12 of the Session Laws of Oklahoma of 1897, provides as follows:

"Whenever the board of county commissioners of any county in the Territory of Oklahoma considers it to be to the best interest of the county to purchase or erect a court house or jail, they shall have power to contract for the purchase or erection of same and to issue bonds in payment therefor."

The question here presented is: Does the power to erect a court house or jail include the implied power to purchase a site upon which to erect a jail, and to issue bonds in payment therefor? It seems to us the answer to this question is obvious. The power to erect a court house or jail implies the incidental power to purchase a site for such purpose. This implied power is essential and indispensable for the purpose of carrying into effect the express power conferred by the statute. To hold otherwise would seem to us to defeat the object and purpose of the statute.

In *DeWitt v. San Francisco*, 2 Cal. 289, it was held that the authority by act of the legislature to erect a court house and jail, would necessarily embrace the power to purchase the land on which to erect them  In passing upon this question, the supreme court of California uses the following language:

"Indeed it cannot seriously be doubted, that if the power to purchase any property had not been given in express words, yet that the authority to erect a court house or jail, would necessarily embrace the power to purchase the land on which to erect it, the land whereon to build it, being no less essential than the stone and material to build it with."

In *Shiedley et al. v. Lynch et al.* 8 S. W. 434, the supreme court of Missouri held that the act of the legislature granting authority to the county court to erect court houses confers as a necessary incident the power to purchase land for the erection of such court houses if necessary.

Hence, we think the power conferred upon the board of county commissioners to erect a jail and to issue bonds in payment therefor, carries with it the implied and incidental power to purchase a site therefor; and this brings us to the second question: Does the power to erect a court house and jail imply the power to purchase permanent furnishings and fixtures for the completion of the court house or jail, to place them in condition to be used for the purpose for which they were erected? It seems to us that the same reasoning applies to this question as to the other question. The power to erect a court house includes the power to purchase permanent furnishings and fixtures for the purpose of placing the court house in fit condition to be used for the purpose for which it was intended. We therefore hold that the express power to erect a jail and issue bonds in payment therefor, includes the implied power to purchase a site on which to erect such jail, and to issue bonds in payment therefor; and that the power to erect a court house and issue bonds in payment therefor, includes the necessary and indispensable power to purchase

Territory *ex rel* v. Baxter, *Auditor.*

fixtures and permanent furnishings for the completion of such court house to place the same in fit condition to be used for the transaction of public business, and to issue bonds in payment therefor.

Both questions must be answered in the affirmative, and a peremptory writ of mandamus will, therefore, issue.

All the Justices concurring.