## CHARLESTON

State *ex rel* Post v. Board of Education.

Submitted August 6, 1912.　Decided August 6, 1912.

1. Schools and School Districts—*Bonds*—*Purpose.*
   Money arising from sale of bonds issued under Acts of 1908, ch. 27, sec. 39, Supplement Code of 1909, serial section 1598, may be used by a board of education to, acquire land for sites for school houses. (p. 52).

2. Words and Phrases—*"House."*
   "House." Legal meaning discussed. (p. 52).

Application by Howard Post for *mandamus* to the Board of Education of Clarksburg School District and others.

*Mandamus Awarded.*

*Geo. M. Hoffheimer,* for petitioner.

*Chas. B. Johnson,* for respondents.

Brannon, President:

The school district of Clarksburg by vote authorized the incurrence of a debt and the issue of bonds for its payment, for the purpose of building one high school and two graded schools. The bonds were sold and their proceeds are in the treasury. The board of education refused to build the high school and one graded school out of such money, on the ground that to do so would call for the purchase of ground for their erection, and the board doubted its power to use any of the money coming from said bonds in acquiring such ground. Howard Post asks of this Court a *mandamus* to compel the board to build said high school and graded school, and to acquire sites for them, and use such bond money in doing so.

The act of 1908, ch. 27, sec. 13, says that the board of education of every district shall provide by purchase or condemnation "suitable school houses and grounds."

The act of 1911, ch. 70, allows the board to "borrow money and issue bonds for the purpose of building, completing, enlarging, repairing or furnishing school houses."

Do the words "school house," used in the statute, mean land,

include necessary land? In *Hawkins* v. *Wilson*, 1 W. Va. 117, a summons in unlawful detainer demanded a house and appurtenances. On authority there cited, it was held that the word "house" imported land. "A grant of a house includes land under it." Devlin on Deeds, sec. 863, citing 32 Am. D. 238 and 45 *Id.* 220. Devlin on Deeds, sec. 1200, says, "Courts have frequently decided that a conveyance of a building or barn, used as a term of description, will convey the land on which the building or structure is erected." Note 1 in 6 Cyc 115 will support this position. Also Bouvier Law Dict. 963. When the statute says that the money may be used to build houses, it means that it may be used to acquire land for school houses. Necessarily so. It is a necessary implication, if the words do not *per se* mean land, as here used. Commanded to build school houses, it is an incidental power because indispensable to attain the end. You cannot build a school house without land on which to build it.

In view of the law above stated, and in view of the purpose which must have been in the minds of the legislators who enacted the bond section, we hold that the words "school houses" include *land,* for school houses; we hold that the section in giving the board of education power to apply the money arising from the bonds "for the purpose of *building,* completing, enlarging, repairing or furnishing school houses," meant to give the board power to acquire land on which to build school houses. We can see that the Legislature never designed to limit the use of the money to work and material of construction, and deny its use in acquiring the ground indispensable and preliminary to work of construction. This ground is the first thing requisite in carrying out the purpose of the statute—a *sine qua non.* Otherwise the statute might be abortive. Certainly it cannot be doubted that such bond money may be used "in completing, enlarging, or repairing" existing school houses; and it would be unreasonable to say this could be done, but a site could not be acquired. Where the reason for this distinction? I assert that the Legislature meant to give the people of a district, where ordinary levy proves inadequate, power to vote bonds, as well to acquire a site, where necessary, as to construct a school house. Think of the intent and purpose, as we must do when constru-

ing a statute. Think of the evil to be remedied, the object to be accomplished, and give such a statute such a construction as will effectuate its purpose. We think the other construction would be cramped and technical, forgetful of the spirit, sticking to the mere letter. *Brown* v. *Gales,* 15 W. Va. 131, 165.

It is suggested that as to ground for school houses, sec. 13, serial sec. 1571, of Supplement Code of 1909, commands the board of education to purchase or condemn sites, but that this can be done only by current levy. The section does not so limit. I read the two sections together, both providing school houses. Section 13 gives full power to acquire sites, and it is plausible to say that all means of providing money may be used where necessary; that where the ordinary tax levy is not adequate, the people may vote for bonds to supply funds; the bond remedy being additional or cumulative remedy.

The power to acquire land for the purpose is necessarily implied, because the board could not furnish school houses without it. We have seen that the statute commands the board of education to provide by purchase or condemnation suitable school houses and lands. The power to buy land is plainly implied. In the well considered case of *Supervisors* v. *Gorrell,* 20 Grat. 505, the court said: "No express power is given them to acquire land for any purpose. But power is expressly given them 'to build and keep in repair county buildings;' * * * * How can they discharge these express powers and duties, without the power to acquire land? Suppose a county is without a courthouse, clerk's office or jail, and without land on which to build them: how are the board of supervisors to perform their express power and duty in such a case, 'to build and keep in repair county buildings,' without first acquiring the ground on which to erect these necessary building? The implied power to acquire the ground is as plainly given as the express power to erect the buildings. In the construction of the most naked powers, to which the strictest rules of construction are applied, there is no better settled rule than this, that every power necessary to the execution of an express power is plainly implied." All the authorities assert such necessary implied power. In 3 Dill. Mun. Corp. (5 ed.) sec. 976, it is laid down. *DeWitt* v. *San Fran-*

*cisco,* 2 Cal. 289; *Territory* v. *Baxter,* 83 Pac. 709; *Shiedley* v. *Lynch,* 95 Mo. 487, 8 S. W. 434.

Being of the opinion that the board has ample power under these statutes to apply the money arising from said bonds for the acquisition of land, we award the *mandamus.*

*Mandamus Awarded.*