

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 23, 1947

Hon. Julian E. Weisler  Opinion No. V-263
County Attorney
Washington County   Re: Power of the County
Brenham, Texas     Commissioners' Court
           to purchase land for
Dear Sir:        a county fair.

   Your request for an opinion is as follows:

   "Washington County is desirous of
acquiring and improving a tract of land,
to be purchased in fee by the County, to
be used permanently as a County Fair-
grounds. . .

   "Will you, therefore, let us have
your opinion as to whether the county is
authorized, under the law, to purchase
lands for such purpose?"

   Article 2372d, V.C.S., reads in part as fol-
lows:

   "Sec. 1. All counties in the State
acting by and through their respective
Commissioners' Courts may provide for an-
nual exhibits of horticultural and agri-
cultural products, livestock and mineral
products, and such other products as are
of interest to the community. In connec-
tion therewith, such counties may also
establish and maintain museums, including
the creation of necessary buildings and
other improvements in their own counties
or in any other county or city in the
United States, where fairs or expositions
are being held.

   "Sec. 2. The Commissioners' Court
of the respective counties or the Commis-
sioners' Courts of several counties may
cooperate with each other and participate
with local interests in _providing_ for the

erection of said buildings and other im-
provements as may be necessary to accom-
plish the purpose mentioned in Section 1
of this Act and for the assembling, erect-
ing, and maintaining of such horticultural
and agricultural, livestock and mineral ex-
higits, and the expenses incident thereto."
(Underscoring supplied)

This is the sole statutory source of power of
the Commissioners' Court relative to county fairs, and
if any authority exists for the purchase of land for such
purpose it must be derived from this statute.

This Department, following the decisions of the
Texas Courts, has repeatedly held that the Commissioners'
Court is a court of limited jurisdiction and has only such
powers as are conferred upon it by the statutes and Consti-
tution of this State, either by express terms or by neces-
sary implication. Sec. 18 of Article V of the Texas Con-
stitution, Article 2351, V.C.S.; Von Rosenberg v. Lovett,
173 S.W. 508; Galveston, H. & S. A. Ry. Co. v. Uvalde
County, 167 S.W. (2d) 1084, 11 Tex. Jur. 564.

In the case of Dancy v. Davidson, 183 S.W. (2d)
195, the County purchased a building under the authority
of Art. 2351, Sec. 7, V.C.S., which says:

"Commissioners' Court shall . . . pro-
vide and keep in repair, court houses, jails,
and other necessary buildings."

The Court held in that case that:

"The power to provide is the power to
purchase.

"We, therefore, conclude that the Com-
missioners' Court in the exercise of its
sound discretion is legally authorized to
purchase the building involved for the in-
tended purpose."

Directly in point is the case of Moon v. Allred,
277 S.W. 787 (writ dismissed), which held that:

"Next in order is the insistence that
the commissioners' court is without power
under Art. 610 to issue bonds to purchase

a site or equipment for the court house and jail as sought to be done here. The question as to the power to issue bonds for site or equipment, as an independent proposition, is not involved. The power to issue the bonds must be derived from the statute referred to, and it must be looked to in order to ascertain whether the authority is given. The rule of construction, as often declared by our Supreme Court is:

"'Whenever a power is given by statute, everything necessary to make it effectual or requisite to attain the end is implied. . . The grant of an express power carries with it, by necessary implication, every other power necessary and proper to the execution of the power expressly granted. Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519.'

"The rule of construction as declared in the above cases must control the instant case. . . . In Territory v. Baxter, 16 Okl. 359, the Supreme Court of Oklahoma, in construing a statute identical in substance with ours, held that the power given a commissioners' court to issue bonds to build a jail necessarily implied the power to issue bonds to purchase a site therefor, and that power to issue bonds to build a courthouse likewise implied power to issue such bonds to equip the same . . . . The conclusion is therefore reached that the order for the election is not void for want of authority to include the proposition for the purchase of site and equipment."

In the above cited case the Court held that the express power to build necessarily implies the power to purchase a site for a building.

Applying the principles of the above cases to the present question, it is concluded that the Legislature in granting the Commissioners' Court power to build museums, buildings and other improvements, did not intend that said Commissioners' Court should be limited to the erection of a structure upon the property of another;

but on the other hand intended and implied that the authority to purchase a site or a fair grounds existed in conjunction with the express power to build.

A copy of the letter opinion of June 1, 1936, with reference to Ft. Bend County, for which you made request, is herewith enclosed.

### SUMMARY

The Commissioners' Court of Washington County, under Article 2372d, has the implied authority to purchase land for a county fair.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Joe H. Reynolds
Joe H. Reynolds
Assistant

JHR/lh/mw

APPROVED

Price Daniel
ATTORNEY GENERAL