

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 10, 1964

Mr. Raymond W. Vowell
Executive Director
Board for Texas State Hospitals
  and Special Schools
Austin, Texas

Opinion No. C-265

Re: Whether the appropriation
to the Board for Texas
State Hospitals and Speci:
Schools, contained in the
General Appropriation Bil:
can be used to purchase
land for the stated pur-
pose.

Dear Mr. Vowell:

      You have requested an opinion on whether the appropriati
to the Board for Texas State Hospitals and Special Schools, con-
tained in the General Appropriation Bill can be used to purchase
land for the purpose of expanding the Lufkin State School and its
sewage treatment plant. In response to our request for additional
information you have advised us that the Board intends to expend
approximately $10,000 for the acquisition of necessary land to
carry out the proposed expansion.

      Section 1, Article 3263d of Vernon's Civil Statutes
states as follows:

      "Should the Board for Texas State Hospitals
and Special Schools acquire from the United States
of America the property and facilities located
near Lufkin, Texas, and known as the Lufkin Air
Force Base, said Board shall establish and maintain
an additional school for the diagnosis, special
training, education, supervision, treatment, care
and control of mentally retarded persons of this
state. After the establishment of said school,
it shall be known as the 'Lufkin State School.'"

      Said land has been acquired by the Board and the School
has been established.

      Section 2, Article 3263d of Vernon's Civil Statutes
states as follows:

"Within the limits of appropriated funds
the Board is further authorized to acquire by
eminent domain, purchase or gift, additional
land adjacent to the facilities so acquired from
the United States Government for the purpose of
enlarging said school." (Emphasis added).

An examination of the clear and unambiguous wording
of the aforesaid proviso reveals that the Board has the express
power, "Within the limits of appropriated funds," to "purchase"
additional land for the express "purpose of enlarging said school."

The current appropriation for Lufkin State School as
stated in House Bill No. 86, Acts 58th Legislature 1963, Regular
Session, Chapter 525, Page 1412 is as follows:

"1.   Expansion to include 800 Added Beds .....2,000,000"

Said appropriation is for the express purpose of expanding, or
enlarging, the School to include additional beds.  An express
power is necessarily accompanied by implied powers.  This was
clearly explained by the Texas Supreme Court in Terrell v. Sparks,
104 Tex. 191, 135 S.W. 519, 521 (1911), wherein the Court held:

"Whenever a power is given by statute, every-
thing necessary to make it effectual or requisite
to attain the end is implied.  It is a well-estab-
lished principle that statutes containing grants
of power are to be construed so as to include the
authority to do all things necessary to accomplish
the object of the grant.  The grant of an express
power carries with it by necessary implication every
other power necessary and proper to the execution of
the power expressly granted.  Where the law commands
anything to be done, it authorizes the performance
of whatever may be necessary for executing its
commands." (Emphasis added).

Further, in this regard, attention is called to the case of Moon
v. Alred, 277 S.W. 787, 789 (Tex.Civ.App. 1925, error dism. w.o.j.),
wherein the Court stated:

"While no Texas case has been found on all
fours, as to the exact state of facts, with the
case at bar, in other jurisdictions the question
has been directly decided.  In Territory v. Baxter,
16 Okla. 359, 83 P. 709, the Supreme Court of
Oklahoma, in construing a statute identical in
substance with ours, held that the power given a

> commissioners' court to issue bonds to build
> a jail necessarily implied the power to issue
> bonds to purchase a site therefor, and that
> power to issue bonds to build a courthouse
> likewise implied power to issue such bonds
> to equip the same." (Emphasis added).

Therefore, the express powers concerning expansion, given to the Board by the aforesaid statute and appropriation, give the Board the implied power to use a portion of the appropriated funds for the express purpose of "purchasing" land necessary for the expansion prescribed in the quoted appropriation.

## SUMMARY

Section 2, Article 3263d of Vernon's Civil Statutes gives the Board the express power to use appropriated funds for the purchase of additional land "for the purpose of enlarging said School." The current appropriation for said School provides $2,000,000.00 for expansion "to include 800 Added Beds." Under the well recognized doctrine that express powers carry by necessary implication every other power necessary and proper to the execution of the powers expressly granted, the Board is authorized to expend a portion of the aforesaid appropriated funds for the purchase of a site upon which the Board can carry out its authorized expansion.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Roy B. Johnson*

Roy B. Johnson
Assistant

RBJ:sj:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Cecil Rotsch
Larry Merriman
George Gray
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone