

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 27, 1966

Honorable Curtis Renfro
District Attorney
46th Judicial District
Vernon, Texas

Opinion No. C-668

Re: Authority of Wilbarger
County Hospital District
to pay for land acquired
for the establishment and
operation of a community
center for mental health
and mental retardation
services, out of bond pro-
ceeds.

Dear Mr. Renfro:

Your request for an opinion poses the following questions:

"1. Wilbarger County has a hospital district under Article 4494Q, Section 22, Acts of the 59th Legislature. Question: May the Hospital District pay for this land to be used by the State Department of Mental Health and Mental Retardation out of the original bond money voted to build the Wilbarger County Hospital?

"2. Wilbarger County has levied a thirty cent tax for the purposes of paying the interest on bonds and operation of the hospital. Question: May the Hospital District pay for this land set out in Question No. 1 out of money collected from this tax levy?"

The bond issue of the Wilbarger County Hospital District referred to in your request was "for the purpose of constructing and equipping buildings for hospital purposes within said District." The grant of an express power carries with it by necessary implication every other power necessary and proper to the execution of the power expressly granted. Pritchard & Abbott v. McKenna, 350 S.W.2d 333 (Tex.Sup.Ct. 1961); Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); Moon v. Alred, 277 S.W. 787 (Tex.Civ.App. 1925, error dismissed, w.o.j.).

In Moon v. Alred, supra, the court, after quoting the rule of construction declared in Terrell v. Sparks, supra, applied such rule of construction to the commissioners' courts power to issue bonds to purchase a site for the courthouse and jail, stating:

"The rule of construction as declared in the above cases must control the instant case. While no Texas case has been found on all fours, as to the exact state of facts, with the case at bar, in other jurisdictions the question has been directly decided. In Territory v. Baxter, 16 Okla. 359, 83 P. 709, the Supreme Court of Oklahoma, in construing a statute identical in substance with ours, held that the power to issue bonds to purchase a site therefor, and that power to issue bonds to build a courthouse likewise implied power to issue such bonds to equip the same. To the same effect are the following: De Witt v. San Francisco, 2 Cal. 289; Sheidley v. Lynch, 95 Mo. 487, 8 S.W. 434; State v. Board of Education, 71 W.Va. 52, 76 S.E. 128, Ann.Cas. 1914B, 1238. The conclusion is therefore reached that the order for the election is not void for want of authority to include the propositions for the purchase of site and equipment."

In Attorney General's Opinion C-646 (1966), it was held:

"In view of the definitions quoted above, mental health services and mental retardation services constitute medical and hospital care, within the meaning of Section 9 of Article IX of the Constitution of Texas. Scott v. Guardian Life Insurance Co., 397 S.W.2d 463 (Tex.Civ.App., application pending). Therefore, in the event a hospital district is created for the county, the county does not have the power to levy taxes to provide for such medical services, as such power and obligation rest exclusively on the hospital district. Bexar County Hospital District v. Crosby, 160 Tex. 116, 327 S.W.2d 445 (1959); Attorney General's Opinion C-382 (1965); Attorney General's Opinion C-641 (1966).

". . ."

"You are therefore advised in answer to your first question that Wilbarger County, under the facts submitted, does not have authority to pay for land for the purpose of establishing a community center for mental health and mental retardation services out of taxes collected for permanent improvements to be used by Wilbarger County; rather, such power remains in the Wilbarger County Hospital District pursuant to the provisions of Section 9 of Article IX of the Constitution of Texas, Article 4494q-22 and Article 5547-203, Vernon's Civil Statutes. Thus, the Wilbarger County Hospital District may provide for the establishment and operation of a community center for mental health and mental retardation services, pursuant to the provisions of Section 3.01 of the Texas Mental Health and Mental Retardation Act, and has the authority to purchase the land on which is to be established such a facility, to be operated by the Texas Department of Mental Health and Mental Retardation."

You are therefore advised in answer to your first question that Wilbarger County Hospital District may pay for land on which is to be constructed a community center for mental health and mental retardation services, out of the bond proceeds issued for the purpose of constructing and equipping buildings for hospital purposes within said District. Attorney General's Opinions C-141 and C-646.

Article 4494q-22, Vernon's Civil Statutes, provides for the creation, establishment, maintenance and operation of the Wilbarger County Hospital District, in accordance with the purposes of Section 9 of Article IX of the Constitution of Texas. Section 5 of Article 4494q-22, provides in part:

"Upon the creation of such hospital district, the board of directors shall have the power and authority and it shall be their duty to levy on all property subject to hospital district taxation for the benefit of the district at the same time taxes are levied for county purposes, using the county values and the county tax rolls, a tax of not to exceed Fifty Cents (50¢) on the One Hundred Dollars ($100) valuation of all taxable property within the hospital district, for the purpose of:

(1) paying the interest on and creating a
sinking fund for bonds which may be issued by
the hospital district for hospital purposes as
herein provided; (2) providing for the opera-
tion and maintenance of the hospital or hospital
system; and (3) for the purpose of making further
improvements and additions to the hospital system,
and <u>for the acquisition of necessary sites there-
for, by purchase, lease or condemnation</u>." (Em-
phasis added).

Since Section 9 of Article IX of the Constitution of
Texas specifically prohibits a county in which a hospital dis-
trict is created from levying taxes to provide for medical
services (Attorney General's Opinion C-646 and authorities
cited therein), we assume that the tax levy referred to in
your second question was not made by Wilbarger County; rather,
that the levy was made by Wilbarger County Hospital District,
pursuant to the provisions of Section 5 of Article 4494q-22.
If the levy is for all three purposes stated in Section 5,
which would include "(3) for the purpose of making further im-
provements and additions to the hospital system, and <u>for the
aquisition of necessary sites therefor</u>, by purchase, lease or
condemnation," then you are advised that the Hospital District
may pay for the land out of this tax levy.' If, on the other
hand, the tax levy was only for purposes (1) and (2), as set
out in Section 5 of Article 4494q-22, the land may not be paid
for out of this levy, since, in that event, the Hospital Dis-
trict chose not to levy a tax for such purpose.

## SUMMARY

Land acquired by a hospital district for the
purpose of establishing a community center for
mental health and mental retardation services
may be paid for out of a bond issue for the
purpose of constructing and equipping buildings
for hospital purposes within said district.

Land acquired by Wilbarger County Hospital
District may be paid for out of a tax levy
by said Hospital District pursuant to the
provisions of Article 4494q-22, V.C.S., if
said levy is for purposes including "(3)
for the purpose of making further improve-
ments and additions to the hospital system,
and for the acquisition of necessary sites

therefor, by purchase, lease or condemnation."

If the tax levy by the District does not include the purpose set out in Article 4494q-22, Section 5 (3), then land acquired may not be paid for out of such levy.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:mls

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
W. O. Shultz
Gordon Houser
John Banks
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright