ROBERT F. ALLEY ET AL. v. GEORGE L. MAYFIELD ET AL

Decided July 2, 1910.

**1.—Disqualification of District Judge—Exchange by Judges—Constitution.**

When a district judge is disqualified to try a case pending in his district, the Governor may appoint another district judge to try said case. Article 1069, revised Statutes, and the amendment thereof in 1897, are not in violation of section 11, article V, of the Constitution, giving to litigants the right to agree upon a suitable person to try a case in which the regular judge is disqualified.

**2.—Powers—Commissioners Court—Building Court House and Jail—Issuance of Bonds.**

There is nothing in the statutes of this State which requires a Commissioners' Court to provide separate buildings for a courthouse and jail; they may be built under the same roof if such a structure is deemed expedient by the court; and, hence, bonds issued for the construction of such a building would not for that reason alone be illegal.

Appeal from the District Court of Hale County. Tried below before Hon. J. N. Browning, presiding on exchange.

*Harris, Harris & Young, Y. W. Holmes* and *J. C. George,* for appellants.

*Graham & Dalton* and *Webb & Joiner,* for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from an order of the Hon. J. N. Browning, Judge of the Forty-seventh Judicial District, sitting in exchange with the Hon. L. S. Kinder, Judge of the Sixty-fourth Judicial District, who was disqualified, dissolving a temporary injunction sued out at the instance of appellants restraining appellees, George L. Mayfield and others, the county judge and county commissioners of Hale County, from selling certain bonds that had been issued for the erection of a courthouse and jail, or from using the proceeds of said bonds, if sold; from contracting or proceeding under a contract, if made, for the erection of such courthouse and jail; from levying taxes for the payment of said bonds, etc.

Appellants alleged in substance that in October, 1908, there was an election held in Hale County for the purpose of determining whether there should be issued sixty thousand dollars in bonds to be known as courthouse bonds for the purpose of raising money to build a courthouse for said county, and also whether there should be issued fifteen thousand dollars in bonds to be known as jail bonds for the purpose of raising money to build a jail house for said county; that under the pretended authority of this election said Commissioners' Court had issued bonds in the amounts stated and had either contracted or were about to contract for the erection of the courthouse and jail; that the orders for the election and declaring the favorable result were invalid; that the questions were submitted separately, notwithstanding which, appellees either had or were about to contract for the erection of a courthouse for a sum in excess of the amount of bonds authorized for that purpose, and to misappropriate the proceeds of the bonds for the jail in the erection of said courthouse, etc.

On the filing of the petition and the order for temporary injunction, which was some two months after the order had been made, the Hon. L. S. Kinder, forthwith certified to the Governor his disqualification, and the Governor directed the Hon. J. N. Browning to exchange with Judge Kinder for the trial of the cause. Appellees thereafter filed a verified answer denying the material allegations of appellants' petition for injunction; affirmed the legality of the several proceedings prior to and subsequent to the election referred to; and alleged in substance that bonds had been issued and contracts made with certain parties named for the erection of a building designated as a courthouse and jail; that while the contemplated building included both courthouse and jail within the same walls and under the same covering, they were, nevertheless, distinct; that the plan of the building contemplated that the jail should be constituted of one-half of the ground floor of the building, entirely segregated in its arrangement and by walls from the other parts of the ground floor; that the jail was to have heating, cells, and other appliances appropriate for and suitable to jails alone; that the proportionate cost of the jail as thus arranged and contemplated approximated the fifteen thousand dollars authorized by said election; appellees, therefore, moved that the injunction be dissolved. The motion was set down for hearing and appellants appeared and objected to the Hon. J. N. Browning sitting, and otherwise contested the motion to dissolve. The objections were overruled, however, and the prayer of appellees granted upon their answer and its supporting affidavits.

The material questions presented by this appeal are, first, whether the Governor was authorized to direct the Hon. J. N. Browning to exchange with the Hon. L. S. Kinder whose district adjoined that of Judge Browning, and thus empower the said Browning to try this case; and, second, whether the injunction was properly dissolved under the facts as alleged by appellees and evidently found by the court.

As to the first question we will be brief. Appellants' contention is

that section 11 of article V of the amended Constitution is self-enacting in the particular under consideration, and confers the right upon litigants of agreeing upon a suitable person to try cases in which the regular judge is disqualified; that the act of the Governor directing the exchange deprived them of that right; and that the article of our statute (Revised Statutes, article 1069) which undertakes to authorize the Governor in cases of disqualification to direct exchanges, is unconstitutional. That part of the article of the Constitution relied upon is as follows: "When the judge of a District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or, upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law. And the district judges may exchange districts or hold courts for each other, where they may deem it expedient, and shall do so when required by law."

Until 1897 the statute (Revised Statutes, 1895, article 1069) was in accord with the article of the Constitution quoted, but in that year the Legislature amended the article under which the Governor acted in the present case so as to read: "Whenever any case or cases, civil or criminal, are pending in which the district judge is disqualified from trying the same, no change of venue shall be made necessary thereby; but the judge presiding shall immediately notify that fact to the Governor, whereupon the Governor shall designate some district judge in an adjoining district to exchange and try such case or cases, and the Governor shall also notify both of said judges of such order, and it shall be the duty of said judges to exchange districts for the purpose of disposing of such case or cases; and in case of sickness or other reasons rendering it impossible to exchange, then the parties or their counsel shall have the right to select or agree upon an attorney of the court for the trial thereof."

This statute on original hearing, Ramsey, Justice, dissenting, was held violative of the section of the Constitution above quoted by the Court of Criminal Appeals in the recent case of Oats v. State, 56 Texas Crim. Rep., 571 (121 S. W., 370), but on rehearing in an able and elaborate opinion by Justice Ramsey, it was held otherwise, thus affirming the constitutional right of the Governor to direct exchanges such as made in this case. The question was also directly decided adversely to appellants' contention by the Court of Civil Appeals in the case of Krugel v. Nash, 72 S. W., 601; see also Savage v. Umphres, 62 Texas Civ. App., 209, by this court. So, regardless of the fact that the record herein wholly fails to show that appellees either had or would agree with appellants upon a qualified person to try this case, we hold, on the authority of the cases cited, that there was no error in the court's action in overruling appellant's objections to Judge Browning presiding.

The second question appellants present may, we think, also be disposed of briefly. The facts, as we must imply them from the court's judgment, are, as before stated, substantially as set forth in appellees' answer and supporting affidavits; that is, that the submission, election, and

other proceedings relating to the question of whether bonds in the stated amounts should be issued, were all regular; that likewise no other cause of complaint justly arises, unless it is that the Commissioners' Court transcended its powers in providing for the construction of a courthouse and jail composed of a single building. So far as we know the question has never been judicially determined in this State, but we have concluded that we must determine it adversely to appellants' contention.

The Constitution, section 18, article V, declares that the Commissioners' Court shall exercise such powers and jurisdiction over all county business as may be conferred by the Constitution or laws of this State. We have no constitutional provisions specifying the powers of the Commissioners' Court in providing courthouses and jails, which clearly are subjects of county concern and of county business, and we must therefore look to the statutes for the specific powers and limitations, if any, that relate to the subject.

Revised Statutes, article 877, so far as here applicable, reads: "The County Commissioners' Court of any county in this State is hereby authorized and empowered to issue the bonds of said county for the following purposes: 1. For the erection of a county courthouse and jail, or either." The power to issue bonds has by subsequent amendment been made subject to a vote of the qualified electors of the county who are property taxpayers, but as these amendments do not affect the question we need not further refer to them.

Article 881, Revised Statutes, reads: "The Commissioners' Court shall levy annual ad valorem taxes sufficient to pay the interest on said bonds and create a sinking fund for their redemption; which said taxes shall not exceed, for courthouse and jail bonds, one-fourth of one per cent."

Further than these articles of the statutes we find no reference to the subject. Nothing in these statutes, as we construe them, requires the Commissioners' Court to provide, in cases where both are necessary, separate buildings for courthouses and jails. The terms, "courthouse and jail," are used conjunctively in both statutes quoted, thus implying as we think, if the exigencies of the case so required and if the taxable values of the county be sufficient under the laws limiting the amount of bonds that may be issued, not only that the bonds may lawfully be designated, voted upon, and issued, as a single issue, but also that the double purpose of providing a courthouse and jail may be accomplished by the erection of a single building. The question would seem to be merely one of expediency or policy falling within the general powers and general discretion confided in the Commissioners' Court by the Constitution and laws over the county affairs; and inasmuch as appellees' answer shows that there existed a necessity for the erection of a courthouse and jail for Hale County, and that the cost of the jail amounted proportionately to the proceeds of the jail bonds, we think the judgment dissolving the injunction must be affirmed.

*Affirmed.*