**MOON et al. v. ALRED, County Attorney, et al. (No. 108.)***

(Court of Civil Appeals of Texas. Eastland. June 26, 1925. Rehearing Denied Dec. 11, 1925.)

1. **Evidence** ⊜⟳25(1)—**Common knowledge that development in portions of state has required erection of new courthouses and jails for which bonds have been issued, though old buildings still existed.**

It is matter of common knowledge that increase and development of portions of state of Texas have created situations in many counties requiring erection of new courthouses and jails, and that bonds therefor have been issued, ap-

proved, and sold, and are now outstanding, though old building still existed.

2. **Counties** ⊜⟳174—**Commissioners' court judgment as to necessity of issuance of bonds for erection of new courthouse and jail not reviewable in absence of corrupt motives.**

If commissioners' court has power to issue bonds under Rev. St. 1911, art. 610, for erection of county courthouse and jail, though county has a courthouse and jail, its judgment as to necessity or advisability of such action is not subject to review, in absence of corrupt motive.

3. **Statutes** ⊜⟳185—**Everything necessary to make effectual power given by statute implied.**

Whenever a power is given by statute, everything necessary to make it effectual or requisite to attain end sought is implied.

4. **Counties** ⊜⟳174—**Authority to issue bonds for erection of courthouse and jail implies power to issue bonds to purchase site and equipment therefor.**

The power given, under Rev. St. 1911, art. 610, to the commissioners' courts to issue bonds for erection of courthouse and jail, necessarily implies power to issue bonds to purchase site and equipment therefor.

5. **Counties** ⊜⟳178—**Order for bond election held not invalid as submitting two separate unrelated propositions.**

Order of commissioners' court, pursuant to Rev. St. 1911, art. 610, for bond election for purpose of issuing bonds for erection of courthouse and jail, wherein but one amount was stated, *held* not invalid as submitting two separate unrelated propositions.

6. **Counties** ⊜⟳178—**When court authorized to declare bond election void stated.**

It is only where there is a showing that for any reason true result of bond election cannot be determined, or that sufficient number of qualified voters were denied right to vote, as would have changed result, that court is authorized to declare election void under Rev. St. 1911, art. 3063.

7. **Counties** ⊜⟳178—**Assignments relating to illegality of bond election because some of voters not qualified held not reviewable.**

Where, on appeal from bond election contest, there is no showing in record that contestant tendered ballot boxes, and no exception appears showing request at trial for counting of ballots and a refusal, court cannot review assignments contending that large number of voters whose names appeared on poll lists were not qualified, though, if contestants had tendered proof as to how alleged illegal voters in fact voted, or had tendered ballot boxes so as to review action of court in refusing to open same, record would show reversible error, regardless of defect in their pleadings.

8. **Counties** ⊜⟳178—**Appellate court without jurisdiction to review conduct of bond election in absence of showing that notice of contest was given.**

Appellate court, on appeal in bond election contest, is without jurisdiction to review conduct of election, where there is no proof in rec-

---

ord that notice of contest was given as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 3051 and 3077.

Appeal from District Court, Stephens County; Walter F. Schenck, Judge.

Action by O. L. Moon and others against O. H. Alred, County Attorney, and others, attacking validity of bond election. From the judgment, plaintiffs appeal. Affirmed.

Benson & Dean, of Breckenridge, for appellants.

John W. Hill and O. H. Alred, both of Breckenridge, for appellees.

PANNILL, C. J. This a contest of an election authorizing the issue of $250,000 of bonds of Stephens county, for the purpose of the erection and equipping of the courthouse and the county jail and the purchasing of a site or sites therefor within said county.

The questions raised will appear, in the rulings hereinafter announced. Article 610, R. S. 1911, empowers the commissioners', court of any county to issue bonds; "for the erection of a county courthouse and jail, or either" when the proposition is approved by the qualified taxpaying voters. This statute differs materially from that of 1881 (Laws 1881, c. 9) under consideration in Robertson v. Breedlove, 61 Tex. 316; Nolan County v. State, 83 Tex. 182, 17 S. W. 823. The act of 1881 authorized the issuance of bonds of any county which has no courthouse, to erect a suitable building. These cases hold that bonds cannot be issued without an act of the Legislature conferring that power, and that the power given to erect public buildings did not of itself authorize the issuance of bonds; hence the holding of these cases, that bonds could not be issued to build a jail or a temporary structure to be used as a courthouse, until the courthouse was built, thereafter to be used as a jail. Subsequently our present statute was enacted. Now the commissioners' court is authorized by law to erect public buildings and issue bonds for the erection of a courthouse *and* jail or either.

[1] It is urged that the decisions referred to are, under the present statute, authority for the proposition that, where the county has a courthouse, bonds cannot be issued to build another; regardless of how unsafe, insufficient, inadequate, or lacking in protection against fire it may be. It is a matter of common knowledge that the increase and development of portions of our great state have created a situation in many counties requiring the erection of new courthouses and jails to provide room for holding court and the transaction of public business, and in which to preserve public records of vital importance to every citizen; that bonds have been issued in such cases where such buildings still existed, and these bonds have been approved by the state's law officers and sold, and are now outstanding in many instances, amounting to many thousands of dollars. This long-continued construction of the present statute, extending through many succeeding administrations, while not binding, is strongly persuasive that the holding of the Supreme Court should be limited to the statute there construed and not applied to a later statute materially different. It is the purpose here to follow the decisions of our Supreme Court, "without variableness or shadow of turning" and to not, by refinement or attempts to distinguish, refuse the correct application of the law as declared by that eminent tribunal; but we are as much bound not to impute to that court holdings not intended, as to apply its rules of decisions to cases where such decisions are applicable. It is concluded that the cases discussed are not authority for the contention above stated.

[2] If the commissioners' court has the power to issue the bonds involved in the present appeal, its judgment as to the necessity or advisability of such action is not subject to review, in the absence of corrupt motives. There being in the present case no allegations of fraud, except that, the county having a courthouse and jail, there was no necessity for another, and the order for the election constituted a fraud on the taxpayers. Such allegations present no issue within our jurisdiction. Robertson v. Breedlove, supra; Stratton v. Kinney County (Tex. Civ. App.) 137 S. W. 1170.

[3, 4] Next in order is the insistence that the commissioners' court is without power under article 610 to issue bonds to purchase a site or equipment for the courthouse and jail as sought to be done here. The question as to power to issue bonds for site or equipment, as an independent proposition, is not involved. The power to issue the bonds must be derived from the statute referred to, and it must be looked to in order to ascertain whether the authority is given. The rule of construction, as often declared by our Supreme Court, is:

"Whenever a power is given by statute, everything necessary to make it effectual or requisite to attain the end is implied. * * * The grant of an express power carries with it, by necessary implication, every other power necessary and proper to the execution of the power expressly granted." Terrell v. Sparks, 104 Tex. 191, 135 S. W. 519.

Hence it was held in that case, that an appropriation of $25,000, to be used by the Attorney General with the approval of the Governor in enforcing the laws of the state, authorized the employment of counsel to assist in prosecuting suits to recover land belonging to the school fund, although this was the Attorney General's duty under the law. The principle announced has been applied to varying states of fact, as shown in Imperial Irrigation Co. v. Jayne, 104 Tex. 395, 138 S.

W. 575, Ann. Cas. 1914B, 322. It is held in that case that an act authorizing the formation of corporations for irrigation purposes and to construct dams, etc., discloses the legislative intent to provide for dam and reservoir sites on public school lands. Also in Aransas County v. Coleman Fulton Pasture Co., 108 Tex. 216, 191 S. W. 553. In that instance bonds had been issued to build gravel highways, and it was there declared that the power to build roads included the power to build a bridge, several miles in length across a bay, in order to connect the different parts of the road system. See, also, Brown v. Clark, 102 Tex. 323, 116 S. W. 360, 24 L. R. A. (N. S.) 670. The rule of construction as declared in the above cases must control the instant case. While no Texas case has been found on all fours, as to the exact state of facts, with the case at bar, in other jurisdictions the question has been directly decided. In Territory v. Baxter, 16 Okl. 359, 83 P. 709, the Supreme Court of Oklahoma, in construing a statute identical in substance with ours, held that the power given a commissioners' court to issue bonds to build a jail necessarily implied the power to issue bonds to purchase a site therefor, and that power to issue bonds to build a courthouse likewise implied power to issue such bonds to equip the same. To the same effect are the following: De Witt v. San Francisco, 2 Cal. 289; Sheidley v. Lynch, 95 Mo. 487, 8 S. W. 434; State v. Board of Education, 71 W. Va. 52, 76 S. E. 128, Ann. Cas. 1914B, 1238. The conclusion is therefore reached that the order for the election is not void for want of authority to include the propositions for the purchase of site and equipment.

[5] It is concluded that the order for the election did not submit two separate unrelated propositions and is not ruled by the case of Adams et al. v. Mullen (Tex. Civ. App.) 244 S. W. 1083. In the instant case the submission appears to carry but a single proposition, and commits the commissioners' court to the erection of a courthouse and jail combined in one building, and is within the rule announced in Alley v. Mayfield, 62 Tex. Civ. App. 231, 131 S. W. 295. In that case a combined submission for courthouse and jail, with amounts for courthouse and for jail separately stated, was upheld. Here but one amount was stated, and the reasons for upholding the bonds in that case apply pertinently here.

[6, 7] On the trial, appellants introduced evidence, raising the issue, that a large number of voters whose names appeared on the poll lists were not qualified—some of them because they had not paid poll taxes; others because they did not appear on the tax rolls as property tax payers for the preceding year. The number of these alleged illegal voters were sufficient to invalidate the election, if proof had been adduced that they voted for the issuance of the bonds. No such proof was in evidence. There is no showing in the record that appellants tendered the ballot boxes, and no exception appears, showing a request at the trial for the counting of the ballots and a refusal. In the absence of such a showing, we cannot review the assignments relating thereto. It is only when there is a showing that, for any reason the true result of the election cannot be determined, or where sufficient number of qualified voters were denied the right to vote as would have changed the result, that we are authorized to declare the election void under article 3063, R. S. In other cases it is incumbent upon the contestant to prove that, had the illegal voters not been permitted to vote, the result would have been different. Cantwell v. Suttles (Tex. Civ. App.) 196 S. W. 657. If appellants had tendered proof as to how the alleged illegal voters in fact voted, or had tendered the ballot boxes, so as to review the action of the court in refusing to open the same, the record would show reversible error, regardless of the defect in their pleadings, under the authority of Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105.

[8] We are further without jurisdiction to review the conduct of the election in question, because there is no proof in the record that notice of this contest was given as required by articles 3051 and 3077, Vernon's Sayles' Civil Statutes. Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671; Norton et al. v. Alexander et al., 28 Tex. Civ. App. 466, 67 S. W. 787; Wright v. Fawcett, 42 Tex. 203. These and a number of other cases hold that the requirements of the statutes referred to, with respect to notice, are jurisdictional. The record is silent as to whether the required notice was given, and it is doubtful as to whether the allegations of the petition with respect to such notice are sufficient, as against a general demurrer. However, should the allegations be held sufficient, the proof is wanting, and the proof is as necessary as the allegations to confer jurisdiction.

The above holding renders it unnecessary to examine the assignments relating to the failure of the court to file within 10 days conclusions of fact and law. If we were called upon to decide that question, it appears that it is without merit, for the reason that there is a statement of facts here approved and filed within due time and the evidence is not conflicting. Insurance Co. v. Gamble et al. (Tex. Civ. App.) 257 S. W. 1005; Barfield et al. v. Emery et al., 107 Tex. 306, 177 S. W. 952.

In conclusion, the writer desires to state that this opinion violates the rule against protracted opinions. But the questions of law involved are, some of them, new in this state and of great public importance, and the amount of the bonds of commanding value. The appellants have filed an able, clear, and

forcible brief, in which all of the authorities tending to sustain their contentions have been cited, and which brief has been carefully considered.

Concluding that the judgment of the trial court was correct, all of the assignments are overruled, and the judgment of the trial court is affirmed.

RIDGELL, J., disqualified.