

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 21, 1949.

Hon. William N. Hensley          Opinion No. V-857.
Criminal Dist. Atty.
Bexar County                     Re: Authority of the Commis-
San Antonio, Texas                   sioners' Court to amend
                                     the county budget to pro-
                                     vide salary increases in
                                     accordance with S. B. 92,
Dear Sir:                            Acts of the 51st Leg.

Your request for an opinion is as follows:

"According to information received by
this office, Senate Bill 92 has been passed by
the Senate and House by two-thirds majorities
and signed by the Governor June 6, 1949, at
which time the Act became effective.

"This Bill authorizes the Commissioners'
Court of each county, when in their judgment
the financial condition of the county and the
needs of the officers and employees justify
the increase, to increase the compensation of
county, district and precinct officers in an
amount not to exceed twenty-five per cent
(25%) of the sum allowed for the fiscal year
1948, and to increase the compensation of the
deputies, assistants, and employees of said
officers in an amount not to exceed thirty-
five per cent (35%). The Act does not, how-
ever, expressly authorize an amendment of the
budget in order to put into effect the salary
increases authorized.

"We respectfully request an opinion from
your office on the following question, to-wit:

"Does Senate Bill 92, by implication, au-
thorize the Commissioners' Court of Bexar
County to amend its county budget at this time,
in order to provide for the salary increases
the Court is authorized in its discretion to
make by the express provisions of the Act?"

Senate Bill 92 provides:

"Section 1. The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the officer justify the increase, to enter an order increasing the compensation of the precinct, county and district officers, or either of them, in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948, whether paid on fee or salary basis; provided, however, the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion.

"Sec. 2. The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of any such deputy, assistant or clerk in an additional amount not to exceed thirty-five (35%) per cent of the sum allowed under the law for the fiscal year of 1948.

"Sec. 3. All of such officers who were paid on a fee basis during the fiscal year of 1948, and who are now to be paid on a salary basis, shall be paid an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year of 1935, and not more than the maximum sum allowed such officer under the laws existing on August 24, 1948, together with the twenty-five (25%) per cent increase allowed by this Act within the discretion of the Commissioners Court.

"Sec. 4. Before the Commissioners Court shall be authorized to change the salary of the public officials provided for in this Act, said Court shall publish at least once a week

for three (3) consecutive weeks in a newspaper in the respective county, notice of their intention to make changes of salaries of those affected.

"Sec. 5. The provisions of this Act shall be cumulative of all other laws pertaining to salaries of county and precinct officers and their deputies and assistants.

" . . .

"Sec. 7. The fact that the cost of living is rising and the purchasing power of the dollar is decreasing, and that wages and salaries in private industry have increased to an extent that public officers and employees continue in their offices at a sacrifice in many instances; and the further fact that an amendment to the Texas Constitution adopted in 1948 provided that all sheriffs and their deputies shall be paid an annual salary; and the fact of the crowded condition of the calendar, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended; and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

It was held in Attorney General's Opinions Nos. V-56 and V-103 in construing Article 1666, V.C.S., as amended by House Bill 240, Acts of the 49th Legislature, applicable to Bexar County and all other counties having a population in excess of 225,000 inhabitants that after the adoption of a budget the county did not have authority to change the budget with the exception that the Commissioners' Court "may upon proper application transfer an existing budget surplus during the year to a budget of like kind and fund, but no such transfer shall increase the total of the budget."

The above quoted portion of the budget statute is not applicable to your inquiry, and in view of our holdings in the above opinions the remaining question for our determination is whether Senate Bill 92 amends by implication the provisions of Article 1666 in so far

as it concerns salary increases in accordance with the provisions of Senate Bill 92 for the remainder of the year, 1949.

The grant of an express power by the Legislature gives with it by necessary implication every other power necessary and proper to execution of the power expressly granted. Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); Moon v. Allred, 277 S.W. 787 (Tex. Civ. App. 1925, writ dism.).

In view of the clear and unambiguous language of Senate Bill 92 it is our opinion that it was the intention of the Legislature to grant to the Commissioners' Court of every county the express power to allow the salary increases provided therein on the effective date of said Act. Since the Commissioners' Court of Bexar County has the express power to raise the salary of its county officials within the limitations prescribed therein, it is our opinion that the Commissioners' Court has the implied power to do those things necessary and proper to effectuate such salary increases: to-wit, amending its 1949 budget to the extent of providing for such increases as it may determine to be necessary in accordance with the provisions of Senate Bill 92, Acts of the 51st Legislature.

### SUMMARY

The Commissioners' Court of Bexar County under the provisions of Senate Bill 92, Acts of the 51st Legislature, has the implied authority to amend its budget for 1949 to the extent to effectuate salary increases it is allowed to make under the express provisions of Senate Bill 92.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL

By John Reeves

John Reeves
Assistant

JR:bh