

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

January 9, 1953

Hon. Robert M. Allen     Opinion No. S-01
County Attorney
Rusk County            Re: Authority of a county to
Henderson, Texas            lease real property and
                            erect a pen to impound
                            livestock taken by the
                            sheriff or constable in
Dear Sir:                 enforcing the stock law.

      Your request for an opinion of this office relates to the stock law of Rusk County. A numer of years ago Rusk County voted a stock law which prohibits the running at large of stock and a petition has been presented to the commissioners' court requesting enforcement of this stock law. There is no pen available in which to impound animals found to be running at large and the question presented is "Can the Auditor sign warrants for the lease of ground and building of a pen to impound livestock, including cattle, horses and mules?"

      Article 6965, V.C.S., provides:

      "It shall be the duty of any sheriff or constable of any county, or subdivision thereof, within this State, where the provisions of this chapter are or may hereafter become operative, to seize any stock which may become known to him to be running at large on any outside premises where the provisions of the stock law are in force, and impound the same in some place provided for that purpose, and immediately notify the owner thereof, if such owner is known to such officer, who may redeem the same on the payment of an impounding fee of one dollar per head, and an additional fee of twenty-five cents per day per head for each day such stock is so kept."

      The decisions of the Texas courts have repeatedly held that the commissioners' court is a court of limited

jurisdiction and has only such powers as are conferred upon it, either by express terms or by necessary implication, by the statutes and Constitution of this State. Childress County v. State,127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett,173 S.W. 508 (Tex.Civ. App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1925).

In Moon v. Allred, 277 S.W. 787 (Tex.Civ.App. 1925, error dism.), the court stated:

"Next in order is the insistence that the commissioners' court is without power under Art. 610 to issue bonds to purchase a site or equipment for the courthouse and jail as sought to be done here. The question as to the power to issue bonds for site or equipment, as an independent proposition, is not involved. The power to issue the bonds must be derived from the statute referred to, and it must be looked to in order to ascertain whether the authority is given. The rule of construction as often declared by our Supreme Court is:

"'Whenever a power is given by statute, everything necessary to make it effectual or requisite to attain the end is implied. . . . The grant of an express power carries with it, by necessary implication, every other power necessary and proper to the execution of the power expressly granted.' Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519." (Emphasis added.)

It will be noted that an express duty is placed upon the sheriff or constable of a county to enforce the provisions of the livestock law and such law cannot be enforced by enforcement officers unless there is implied power to acquire land and build pens thereon in which to impound livestock found to be running at large.

You are therefore advised that Article 6965 authorizes the leasing of land and the building of pens thereon necessary to impound livestock, and that the County Auditor has authority to issue warrants in payment

therefor. However, we would like to point out that the lease agreement should expressly reserve to the county the right to remove the pen upon termination of the lease.

### SUMMARY

Article 6965, V.C.S., authorizes the leasing of land and the building of pens thereon necessary to impound livestock in the enforcement of the stock law and the County Auditor has authority to issue warrants in payment therefor.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By Burnell Waldrep
Assistant

Robert S. Trotti
First Assistant

BW:am