

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 4, 1954

Hon. William Caven
County Attorney
Harrison County
Marshall, Texas

Opinion No. S-126

Re: Authority of a county to
lease space and facilities
from a private hospital for
the purpose of hospitalizing
county paupers.

Dear Mr. Caven:

You have requested an opinion of this office in answer to the following question:

"Is the Commissioners' Court of Harrison County authorized to enter into a lease agreement with the Kahn Memorial Hospital, a private corporation, situated in Harrison County, covering such space and facilities as would be necessary in the care of paupers, where it is shown that hospitalization is needed."

You state that there is no County Hospital in Harrison County and that Kahn Memorial Hospital is chartered as a charitable and benevolent non-profitable institution organized for the purpose of promoting the general welfare of the surrounding community and furnishes hospital facilities to the general public.

Commissioners' Courts in this state are courts of limited jurisdiction and have only such powers as are expressly or impliedly conferred upon them by law. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.). Whenever a power is expressly conferred upon the Commissioners' Courts by statute everything necessary to make it effectual or that may be requisite to attain its end is implied. As stated in Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519, 521 (1911): "The grant of an express power carries with it by necessary implication every other power necessary and proper to the execution of the power granted." See also Moon v. Alred, 277 S.W. 787 (Tex.Civ.App. 1925, error dism.); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948).

Article 2351, Vernon's Civil Statutes, provides in part:

"Each Commissioners Court shall:

"11.   Provide for the support of paupers
. . ., residents of their county, who are
unable to support themselves.  By the term
resident as used herein, is meant a person
who has been a bona fide inhabitant of the
county not less than six months and of the
State not less than one year."

In defining the word "support" as used in the above statute the court in <u>Monghon & Sisson v. Van Zandt County</u>, 3 Willson 240 (Tex.Civ.App. 1886), said:

"'Support', as here used, means more
than supplying them /paupers/ with food and
clothing and a house to stay in.  It means
all that is necessary to bodily health and
comfort, and especially does it include pro-
per care, attention and treatment during
sickness."

It can hardly be doubted, particularly in view of the recent advancements in medical science and equipment, that hospitalization is often necessary for proper care, attention and treatment during sickness.  Therefore, unless restricted by the Constitution or some other statute, the Commissioners' Court would have broad discretionary powers in regard to the method and means to be used in furnishing hospital care to qualified paupers.  <u>Terrell v. Sparks</u>, supra.

A county is prohibited from entering into a joint venture with any individual, association or corporation what-soever, Tex. Const., Art. III, Sec. 52; and from making any appropriation or donation, or in anywise loaning its credit to any private corporation or association, Tex. Const., Art. XI, Sec. 3.

Therefore, a county could not enter into an agree-ment providing for the joint operation of such hospital, nor could it purchase equipment for the use of such private hos-pital.  However, if a bona fide lease was executed which during its term placed exclusive dominion and control of the leased premises in the Commissioners' Court such prohibitions would not apply.  See Attorney General Opinion No. V-173 (1947).

In Attorney General Opinion No. O-4569 (1942), it was held that a county could lease an entire hospital building under the provisions of Article 4478, V.C.S., for the establishment of a county hospital. No reason is apparent why the county could not, if in the discretion of the court less space was needed, likewise lease only a designated part of such hospital building so long as the leased premises are under the exclusive management and control of the county.

Article 4438, V.C.S., provides:

"If there is a regular established public hospital in the county, the commissioners court shall provide for sending the indigent sick of the county to such hospital. . . . . . . . . . ."

In Willacy County v. Valley Baptist Hospital, 29 S.W.2d 456 (Tex.Civ.App. 1930), it was held that the above statute authorized the Commissioners' Court to send the indigent sick to "public" hospitals in the county, and by necessary implication, excludes any duty or authority to send such persons to private hospitals, or to public hospitals without the county.

The Court further recognized a distinction between "paupers" and "indigent sick" and a corresponding distinction in the authority to provide for each, for, after the above holding in regard to "indigent sick," the court said:

"The provision that the Commissioners' Court shall support 'paupers who are unable to support themselves' is inapplicable in this case, for the plain reason that the facts do not put Barbosa within that class."

This distinction between paupers and indigent persons is fully discussed and recognized in Attorney General Opinions O-2633 (1940), O-2633A (1941) and R-1538 (1949).

It further becomes evident that the Legislature did not intend to limit the authority of the Commissioners' Court to "provide for the support of paupers" by Article 4438 when it is considered that as originally passed these statutes, now codified as Article 2351, V.C.S., and Article 4438, V.C.S., were both contained in the same enactment (Ch. 54, General Laws of Texas, 15th Legislature, 1876, page 51). The portion codified as Article 2351(11) appears as Subsection 9 of Section 4 of such Act, while the portion codified as Article 4438

appears as Section 21 of the same Act.

It seems evident that the Legislature by the use of the word "pauper" in Subsection 9 of Section 4, and by use of the words "indigent sick" in Section 21 of the Act recognized and intended that the words be given different meanings, and the mandatory duty placed on the Commissioners' Court to provide for the support of paupers by Section 4 was neither modified nor limited by the provisions of Section 21 which only require the Court to "provide for the indigent sick in their county by sending such sick persons to a hospital" in case there is a regular established _public_ hospital in the county.

It is therefore the opinion of this Office that the Commissioners' Court of Harrison County would be authorized to enter into a lease agreement with the Kahn Memorial Hospital, a private corporation, situated in Harrison County, for such space and facilities as the Commissioners' Court deems reasonably necessary for the support and hospitalization of qualified, resident paupers of the county. The determination as to whether a lease contract meets the test of placing the exclusive control and supervision of the leased premises in the Commissioners' Court, or provides for a joint venture or donation prohibited by Section 52 of Article III or Section 3 of Article XI of the Constitution of Texas, would depend on the terms of each particular agreement.

## SUMMARY

A Commissioners' Court is authorized to lease such space and facilities from a private hospital within the county as it deems reasonably necessary for the proper care and hospitalization of _qualified, resident paupers_ of the county, Art. 2351, Sec. 11, V.C.S., so long as the leased premises are under the exclusive control and supervision of the county.

Hon. William Caven, page 5 (S-126)

APPROVED:                          Yours very truly,

J. C. Davis, Jr.                   JOHN BEN SHEPPERD
County Affairs Division            Attorney General

John Atchison
Reviewer
                                   By Eugene Brady
Robert S. Trotti                      Eugene Brady
First Assistant                              Assistant

John Ben Shepperd
Attorney General

EB:mj