

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 25, 1962

Honorable Clyde Boose
Nolan County Attorney
P. O. Box 1200
Sweetwater, Texas

Opinion No. WW-1332

Re: Whether the Commissioners'
Court of Nolan County may
legally approve expendi-
tures for a hospital laundry
under the stated facts and
related questions.

Dear Mr. Boose:

Your request for opinion from this office reveals that
in 1956 Nolan County and the City of Sweetwater entered into a
joint agreement for the operation of a city-county hospital,
pursuant to Article 4494i of Vernon's Civil Statutes.

Two pertinent paragraphs of this agreement state as
follows:

"9. It is stipulated that the City shall
have right to remove for cause any member of the
Board of Managers appointed by the City Commission;
the County Commissioners Court shall have the
right to remove for cause any member of the Board
of Managers appointed by the County; the member of
the Board of Managers appointed jointly by the City
and County shall be removable for cause by the
joint action of the City Commission of the City of
Sweetwater and the Commissioners Court of County
of Nolan.

" . . .

"14. It is specifically agreed that the Board
of Managers shall not make any expenditure not
covered by its budget as approved by the City and
County except with the specific permission and con-
sent of the City Commission of the City of Sweet-
water and the Commissioners Court of Nolan County,
Texas." (Emphasis added)

Further facts are that the Board of Managers recently
expended close to $30,000.00 for the construction and equipping
of a hospital laundry which was an unbudgeted item. No permis-
sion was obtained from either the City Commission or the

Commissioners' Court. Bids were advertised and received on the building, but were not on the laundry equipment. It is further significant that in October of 1961, the Commissioners' Court of Nolan County approved the budget for the hospital which did not include the laundry.

You then ask the following three questions:

"(1) Can the Commissioners Court of Nolan County legally approve these expenditures since the building was not a budgeted item nor was any single item of the laundry equipment shown in their budget, and no permission of any kind was sought or obtained from either governmental unit.

"(2) Would the City and County be liable for these expenditures not authorized by the hospital budget or any other form of authorization from the governmental units? Would such action on the part of the Board of Managers be cause for their removal as board members?

"(3) In regard to Attorney General's Opinion No. V683 dated 1948, could you advise me what would be included in materials and supplies in excess of $150.00 and what would be meant by contracts in excess of $2,000.00?"

Article 4494l provides in part as follows:

"Section 1. Any county of the State and any incorporated city or town within such county, acting through the Commissioners Court of such county and the governing body of such city or town, may jointly establish, erect, equip, maintain and operate a hospital or hospitals for the care and treatment of the sick, infirm, and/or injured; and for the purposes of establishing, erecting, equipping, maintaining and operating such a hospital or hospitals, the Commissioners Court of any county and the governing body of any city or town within such county may, by resolution or other appropriate action, confer upon, delegate to and grant to a Board of Managers, as hereinafter provided, full and complete authority to establish, erect, equip, maintain and operate such hospital or hospitals. Such cities or towns and counties that have heretofore issued and sold bonds for the specific purpose of jointly establishing, erecting, equipping, maintaining and operating such joint county-city

hospital may finance such hospital or hospitals out of general revenues and are each, respectively, hereby authorized to levy and collect a tax, not to exceed Ten (10) Cents per one hundred dollar valuation on the property subject to taxes therein, for such purposes.

". . .

"Sec. 4. Such Board of Managers shall have full and complete authority to enter into any contract connected with or incident to the establishment, erection, equipping, maintaining or operating such hospital or hospitals, and in this connection shall have authority to disburse and pay out all funds set aside by such county and such city or town for purposes connected with such hospital or hospitals, and such action by such city or town as though such action had been taken by the Commissioners Court of such county or governing body of such city or town.

"Sec. 5. Once each year such Board of Managers shall prepare and present to such Commissioners Court and the governing body of such city or town a complete financial statement of the financial status of such hospital or hospitals and shall submit therewith a proposed budget of the anticipated financial needs of such hospital or hospitals for the ensuing year. On the basis of such financial statement and budget the Commissioners Court of such county and the governing body of such city or town shall appropriate or set aside for the use of such Board of Managers in the operation of such hospital or hospitals the amount of money which seems proper and necessary for such purpose.

". . .

"Sec. 7. In connection with the erection and equipping of such hospital or hospitals said Board of Managers shall have the authority to determine the manner of expending any funds that may have been provided by such county and such city or town for such purpose, whether by the issuance of bonds or other obligations, or by appropriations from other funds of such county and city or town, it being the intention by this Act to grant to such Boards the complete authority to manage and control all matters affecting such hospitals, reserving to

such county and city or town the right only to ap-
point members to such Board of Managers and to
approve the annual budget hereinabove provided for."
(Emphasis added)

We feel that the legislative intent of Article 4494i
was that the annual budget was to be a complete financial state-
ment of condition of the city-county hospital. It therefore
follows that since the amounts expended for the hospital
laundry were unbudgeted, the expenditures were unauthorized ones.

Many opinions from this office have held that the
commissioners' court is a court of limited jurisdiction and does
not have any power unless expressly given to it by the consti-
tution or the statutes.

An inspection of Article 2351 et seq. of Vernon's Civil
Statutes reveals that there is no statute allowing the commis-
sioners' court to make contracts at their discretion; such
power if exercised must be delegated to them or reasonably in-
ferred from the Constitution or the statutes. In Canales v.
Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948), the Supreme
Court stated:

"The Constitution does not confer on the
commissioners courts 'general authority over the
county business' and such courts can exercise
only such powers as the Constitution itself or
the statutes have 'specifically conferred upon
them'. . . . While the commissioners courts have
a broad discretion in exercising powers expressly
conferred on them, nevertheless the legal basis
for any action by any such court must be ultimately
found in the Constitution or the statutes."

For other cases denying the use of implied powers in
absence of a statute, see Lasater v. Lopez, 110 Tex. 179, 217
S.W. 373 (1919); Moon v. Alred, 277 S.W. 787 (Civ.App. 1925,
error dism. w. o. j.); Hill v. Sterrett, 252 S.W.2d 766 (Civ.
App. 1952, error ref. n. r. e.).

Since the legislature has provided for the establish-
ment, operation and management of city-county hospitals, it
therefore follows that the commissioners' court had no power to
make the agreement set out in paragraph 9. Section 2 of Article
4494i provides for the selection of members of the Board of
Managers and states how their successors shall be selected. Any
attempt by the city and county to otherwise control the selection
is invalid, and therefore we must hold Section 9 of the agree-
ment to be void. However, Section 14 of the agreement is in line
with the provisions of Article 4494i and is therefore a valid
provision.

Numerous court decisions of this state have held that if the Commissioners' Court initially had the authority to make a contract, and that if any unauthorized action is taken without their approval, that they may subsequently ratify same, which will then become binding. We quote from Galveston County v. Gresham, 220 S.W. 560 (Civ.App. 1920, error ref.) as follows at page 563:

"'A contract made in the name of a Commissioners' Court by an unauthorized party may be ratified by a formal order; . . .'"

Here we are not concerned with a contract made by the commissioners' court but only with their approval of a contract or action taken by another body. Under these circumstances we advise you that the Commissioners' Court of Nolan County may now ratify and approve expenditures made by the Board of Managers if they so desire. Boydstun v. Rockwall County, 86 Tex. 234, 24 S.W. 272 (1893), Galveston County v. Gresham, supra, Williams v. Pure Oil Co., 124 Tex. 341, 78 S.W.2d 929, 931 (1935).

As to your second question, if the Commissioners' Court does not ratify the expenditure of the Board of Managers, it follows that the unbudgeted and unauthorized expenditures do not bind the County or the City as a contractual act.

You then ask if the action of the Board of Managers would be cause for their removal. Since our opinion holds Section 9 of the agreement invalid, we must hold that neither the city commission nor the county commissioners' court may remove any members for cause by virtue of said agreement. In this connection, however, we refer you to Article 5970, Vernon's Civil Statutes, which provides that county officers may be removed from office for incompentency, official misconduct, etc. We also refer you to Section 4 of Article 5 of the Texas Constitution and J. C. Engleman Land Co. v. Donna Irrigation Dist, 209 S.W. 428, (Civ. App. writ ref. 1919) which holds that a director of an irrigation district can be removed only as prescribed in Article 5970, and Hendricks v. State, 49 S.W. 705 (Civ.App. 1899) which made the same holding in reference to school trustees.

Regarding your third question, in Attorney General's Opinion No. V-683 (1948) we find the following conclusions:

"It is our opinion that the Board of Managers of a City-County hospital operating under the provisions of Art. 4494i, does not have to advertise for bids for materials and supplies in excess of $150.00 or on contracts in excess of $2,000.00 as provided in Articles 1659 and 2368a, V. C. S."

Since the Board of Managers may make contracts for or purchase supplies and materials without complying with the requirements of Articles 1659 and 2368a, it therefore follows that it is unnecessary to answer your third question.

## S U M M A R Y

The Commissioners' Court of Nolan County may legally approve and ratify a previous unauthorized expenditure of the Board of Managers of a city-county hospital if they see fit.

If they do not so approve and ratify, the City of Sweetwater and the County of Nolan are not legally liable for the unauthorized expenditures under an unauthorized contract.

The Commissioners' Court and the city commission has the right only to appoint members to such Board of Directors and may not by an agreement assume the power to discharge the Board of Directors.

The provisions of Articles 1658, 1659, and 2368a do not apply to a city-county hospital established pursuant to Article 4494l of Vernon's Civil Statutes.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By: Fred D. Ward
Assistant

FDW:jkr

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis
Marvin Sentelle
Bob Patterson
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.