

# The Attorney General of Texas

December 4, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable C. C. Nolen, President
North Texas State University
Texas College of Osteopathic Medicine
Denton, Texas 76203

Opinion No. H-1268

Re: Expenditure of state
appropriated funds for land
acquisition for the Texas College
of Osteopathic Medicine.

Dear Mr. Nolen:

You have requested our opinion as to whether certain appropriated funds may be expended for the acquisition of a building site for the Texas College of Osteopathic Medicine.

Section 105.81 of the Education Code, enacted by the 65th Legislature, authorizes the Board of Regents of North Texas State University to "acquire by purchase, donation, or otherwise" land for its new College of Osteopathic Medicine. The current General Appropriations Act appropriates to the college the sum of $15,524,714 for "new construction" during fiscal 1978. General Appropriations Act, Acts 1977, 65th Leg., ch. 872, at 3072. You ask whether such funds, or any other item of appropriation, may be expended for the acquisition of a building site.

No Texas case has considered whether an appropriation for "new construction" will support the purchase of land, although it has been determined that statutory authority to issue bonds for the erection of a courthouse and jail includes implied power to issue bonds for site acquisition. Moon v. Allred, 277 S.W. 787 (Tex. Civ. App. — Eastland 1925, writ dism'd). See Attorney General Opinions C-265 (1964); V-513 (1948). We note also that the budget request submitted by the college to the 65th Legislature included an item for land acquisition in its request for $33,998,990 for construction. Texas College of Osteopathic Medicine, Request for Legislative Appropriations, Fiscal Years Ending August 31, 1978, and 1979.

However, we do not believe the Legislature's use of the term "construction" in the appropriations act in this instance was intended to include site acquisition costs. In other provisions of the act, it expressly authorized the use of construction funds or other funds to purchase real

property. See Acts 1977, 65th Leg., ch. 872, at 2848 (State Building Commission); 2870 (Department of Corrections).

We believe the Legislature intended to use "construction" in the sense it has been used by courts of other states, to refer to the erection of improvements on land. Demory Bros., Inc. v. Board of Public Works of Maryland, 329 A.2d 674, 679 (Md. 1974) (site acquisition may not be financed from "construction costs"); White v. Cabot Corp., 194 So.2d 499, 501 (Miss. 1967); State v. U.S. Land Co., 412 P.2d 736, 739 (Ariz. App. 1966). In its "ordinary and accepted meaning," the word "signifies actual activity in erecting or putting up a building." First National Bank & Trust Co. v. City of Rockford, 361 N.E.2d 832, 841 (Ill. App. 1977). See also Prudential Insurance Co. v. Executive Estates, Inc., 369 N.E.2d 1117, 1126-27 (Ind. App. 1977); Pollock v. Tiano, 61 Cal. Rptr. 235, 237 (Cal. App. 1967). In Windlow v. Wagner, 329 N.E.2d 911 (Ill. App. 1975), the court said that "construction costs" does not include the purchase price of land. Id. at 915-16. But see State ex rel. McMaster v. District Court, 260 P. 134, 137-38 (Mont. 1927) (purchase of highway right-of-way included in "construction").

Based on these authorities and the legislative history, we do not believe land acquisition may be financed out of the item for new construction. Although the college originally included an item for land acquisition costs in its request for a construction appropriation, the Legislature appropriated less than half their requested amount. Thus, we cannot assume that the amount requested for land acquisition was included in the final appropriation. The fiscal note to House Bill 1193, which amended section 105.81 of the Education Code, indicated that local funds had been promised for the acquisition of land by the college.

Neither does any other item of appropriation for the current biennium appear to be relevant to the purchase of land by the College of Osteopathic Medicine. A rider to the appropriation for the college re-appropriates "for the same purposes" any "unexpended balances in the appropriations Items 1 and 2" in the 1975-77 General Appropriations Act. General Appropriations Act, Acts 1977, 65th Leg., ch. 817, at 3072. Those items provide:

1.  All educational and general expenses, including plant operation, necessary rent, planning and architect fees

2.  Construction

General Appropriations Act, Acts 1975, 64th Leg., ch. 743, at 2777. However, at the time these appropriations were made, article 105.72 of the Education Code required that a site for the college be provided without cost to the State of Texas. Acts 1975, 64th Leg., ch. 285, § 1 at 285, amended. Acts 1977, 65th Leg., ch. 822, § 2, at 2071. Therefore, these items from the 1975 appropriations act could not have included site acquisition costs. Accordingly, it is our opinion that the Legislature has not appropriated any funds to the Texas College of Osteopathic Medicine which may be expended for the acquisition of a building site. We note finally that the

college is subject to section 61.058(5) of the Education Code, which requires either the Legislature or the College Coordinating Board to approve a proposed purchase of real property.  See Educ. Code § 105.79 (medical school subject to supervision of Coordinating Board in accordance with chapter 61).

## SUMMARY

The Legislature has not appropriated any funds to the Texas College of Osteopathic Medicine for the current biennium which may be expended for the acquisition of a building site.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn